**J. Robert Lally (SBN 122069)**
Lally Law
**Street Address**
37 Main St., Suite 201
San Andreas, California, 95249
**Mailing Address**
P.O. Box 311
Mokelumne Hill, California 95245
Telephone: 209-257-4480
Fax: 209-231-3677
Attorneys for Plaintiff
Patrick Lee Ong

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

### SACRAMENTO DIVISION

| | |
|---|---|
| PATRICK LEE ONG, an Individual, | Case No.: |
| Plaintiff, | **COMPLAINT FOR VIOLATION OF CIVIL RIGHTS** |
| vs. | 1. **False Arrest (42 U.S.C. §1983)** |
| | 2. **Excessive Force (42 U.S.C. §1983)** |
| COUNTY OF AMADOR; MICHAEL PARKS (Sergeant # 5) (Sued in Both His Personal And Official Capacities), JUSTIN CARDINALE (Deputy 23) (Sued in Both His Personal And Official Capacities); CRAIG ZARAGOZA (Sued Only As An Individual); BOB BIANCHI (Sued Only As An Individual) and DOES 1 THROUGH 100, inclusive, | 3. **Substantive Due Process (42 U.S.C. §1983)** |
| | 4. **Violation of Freedom of Speech (42 U.S.C. §1983)** |
| | 5. **Municipal Liability (42 U.S.C. §1983)** |
| | 6. **Assault – California common law** |
| | 7. **Interference with Civil Rights (Cal. Civ. Code §52.1)** |
| Defendants. | **DEMAND FOR JURY TRIAL** |

The Plaintiff PATRICK LEE ONG complains and alleges as follows:

### I. JURISDICTION / VENUE

1. This complaint seeks damages pursuant to Title 42 U.S.C. §1983 and §1988 for violation of Plaintiff's civil rights. Jurisdiction is founded upon Title 28 U.S.C. §1331 and §1343. This

Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to Title 28 U.S.C. §1367. The acts or omissions giving rise to the Plaintiff's claims alleged herein arose in the County of Amador, California. Thus, pursuant to Title 28 U.S.C. §1391(b)(2), venue is proper in the Eastern District of California.

## II. PARTIES

2. Plaintiff PATRICK LEE ONG ("Plaintiff" or "ONG") is a 53-year-old male and is a citizen of the United States.

3. Defendant COUNTY OF AMADOR ("COUNTY") is a local governmental subdivision in the State of California, created and existing by virtue of the laws of the State of California.

4. Defendant MICHAEL PARKS (Sergeant # 5) ("PARKS") was, at all times described herein, employed by the COUNTY OF AMADOR'S Sheriff's Department as a peace officer as defined in the California Penal Code and was acting in the course and scope of that employment. PARKS is sued in both his personal and official capacities. In doing the acts and/or omissions alleged herein, PARKS acted under color of authority and/or under color of state law.

5. Defendant JUSTIN CARDINALE (Deputy 23) ("CARDINALE") was, at all times described herein, employed by the COUNTY OF AMADOR'S Sheriff's Department as a peace officer as defined in the California Penal Code and was acting in the course and scope of that employment. CARDINALE is sued in both his personal and official capacities. In doing the acts and/or omissions alleged herein, CARDINALE acted under color of authority and/or under color of state law.

6. CRAIG ZARAGOZA was, at all times described herein, employed by California Highway Patrol as a peace officer as defined in the California Penal Code and was acting in the course

and scope of that employment. ZARAGOZA is sued only in his personal capacity. In doing the acts and/or omissions alleged herein, ZARAGOZA acted under color of authority and/or under color of state law.

7. BOB BIANCHI was, at all times described herein, employed by California Highway Patrol as a peace officer as defined in the California Penal Code and was acting in the course and scope of that employment. BIANCHI is sued only in his personal capacity. In doing the acts and/or omissions alleged herein, BIANCHI acted under color of authority and/or under color of state law.

8. The true names and identities of defendants DOES 1 through 100 are presently unknown to Plaintiff. Plaintiff hereby uses the fictitious name DOE to designate these defendants. Plaintiff alleges that the DOE defendants, and each of them, is legally responsible for the incident, injuries and damages set forth here, and that each of said DOE defendants proximately caused said incident, injuries and damages by reason of their negligence, deliberate indifference, breach of duty, negligent supervision, training, management or control, violation of constitutional rights, or by reason of other personal, vicarious or imputed negligence, fault, or breach of duty, whether based upon agency, employment, or control, whether severally or jointly, or upon any other act or omission. Plaintiff will seek to amend this complaint as soon as the true names and identities of the DOE defendants have been ascertained.

9. Each of the defendants, including DOES 1 through 100, caused, and is legally responsible for, the incident, unlawful conduct, injuries and damages alleged herein by personally participating in the unlawful conduct, or acting jointly or conspiring with others to act, by authorizing or allowing, explicitly or implicitly, policies, plans, customs, practices, actions or omissions that led to the unlawful conduct, by failing to take action to prevent the unlawful

conduct, by failing or refusing to initiate and maintain adequate training or supervision, thereby constituting deliberate indifference to Plaintiff's rights, and by ratifying the unlawful conduct that occurred by agents and officers under their direction and control, including failing to take remedial or disciplinary action.

10. Plaintiff is informed and believes and thereon alleges that at all times mentioned in this complaint, defendants, and each of them, were the employers, supervisors, agents, employees, servants, joint ventures, partners, aiders, abettors and/or co-conspirators of the other defendants named in this complaint and that at all times, each of the defendants were acting within the course and scope of said relationship with other defendants.

### III. GOVERNMENT TORT LIABILITY ALLEGATIONS

11. On or about July 5, 2019, Plaintiff presented a tort claim to the COUNTY OF AMADOR, pursuant to the California Tort Claims Act.  The tort claim alleged facts giving rise to the causes of action alleged herein.   The COUNTY OF AMADOR rejected such claim by written notice sent on August 20, 2019. Under California Government Code §820, subd. (a), the individual peace officers sued here are liable for injuries caused by their acts and/or omissions to the same extent as a private person.  Under California Government Code §815.2, subd. (a), the COUNTY is vicariously liable for injuries proximately caused by the acts and/or omissions of its employees acting within the course and scope of employment.

12. On or about July 5, and 8, 2019, Plaintiff presented a tort claim to the STATE OF CALIFORNIA, pursuant to the California Tort Claims Act.  The tort claim alleged facts giving rise to the causes of action alleged herein.   The STATE OF CALIFORNIA rejected such claim by written notice sent on August 6, 2019. Under California Government Code

§820, subd. (a), the individual peace officers sued here are liable for injuries caused by their acts and/or omissions to the same extent as a private person.

### IV. FACTUAL ALLEGATIONS

13. Plaintiff PATRICK LEE ONG (hereinafter "ONG") is a 53-year-old male who, at the time of this incident, was a resident of Pioneer, California.

14. On the evening of January 7, 2019, ONG was at his residence along with several friends having a family get together.

15. These friends of ONG included John Doe and Jane Doe. John Doe and Jane Doe were to spend the night and a sleeping area was prepared for them in the residence of ONG. John Doe gave ONG the keys to his and Jane Doe's vehicle they were driving and stated that he, John Doe didn't not want to take any chances, in the event John Doe or Jane Doe were tempted to drive during the evening.

16. As the evening progressed alcohol was served. Jane Doe became intoxicated and John Doe and Jane Doe argued. There was some sort of physical altercation between John Doe and Jane Doe which resulted in scratches on the face of John Doe.

17. At some point Jane Doe had insisted on driving while intoxicated. At that time John Doe had the keys to the vehicle. John Doe took the keys to the vehicle and through them into the forest so that Jane Doe would not have access to the vehicle and would not be able to drive while intoxicated.

18. John Doe went into the home of ONG and went to sleep. This argument/altercation between John Doe and Jane Doe occurred approximately three hours before COUNTY OF AMADOR; SERGEANT MICHAEL PARKS (PARKS), COUNTY OF AMADOR DEPUTY JUSTIN CARDINALE (CARDINALE), CHP OFFICER CRAIG ZARAGOZA (ZARAGOZA) and CHP

OFFICER BOB BIANCHI (BIANCHI) arrived at the residence of ONG at 11:33 p.m. on January 7, 2019.

19. At the time of the arrival of PARKS, CARDINALE, ZARAGOZA and BIANCHI arrived at the residence of ONG at 11:33 p.m. on January 7, 2019, Jane Doe had been absent from the property for approximately twenty minutes. Jane Doe had placed a call to law enforcement because her vehicle keys could not be located, and she desired to leave and go home. Her keys were eventually located, and Jane Doe had been absent from the property for approximately twenty minutes before the arrival of law enforcement.

20. At the time PARKS, CARDINALE, ZARAGOZA and BIANCHI arrived at the residence of ONG at 11:33 p.m. on January 7, 2019, John Doe had been sleeping inside the home of ONG.

21. At the time of the arrival of law enforcement ONG was inside his home and observed an Amador Deputy Sherriff walking outside his home on his property with a flashlight. ONG exited his home to meet the deputy outside his home but on ONG's property.

22. After exiting his home ONG closed and secured the front door to his home. ONG made contact with CARDINALE in the middle of ONG's driveway in front of the garage.

23. CARDINALE informed ONG that he (CARDINALE) was there to look into a False Imprisonment and Domestic Violence call.

24. ONG informed CARDINALE that ONG had located Jane Does keys.

25. ONG then observed additional deputies appearing on ONG's property, including Officers ZARAGOZA and BIANCHI of the California Highway Patrol. All peace officers were in full uniform and driving fully marked patrol cars. CARDINALE approached ONG so that he (CARDINALE) was physically closer to ONG. ONG informed CARDINALE that John Doe was inside the residence of ONG sleeping and that Jane

Doe had left the property in her vehicle about twenty minutes before the arrival of CARDINALE.

26. As CARDINALE and ONG were speaking ONG noticed that additional Amador County Deputies as well as CHP Officers ZARAGOZA and BIANCHI were moving towards the front door of the home of ONG.

27. CARDINALE informed ONG that he wanted to speak with John Doe. ONG asked CARDINALE if he had a warrant to enter his home to which CARDINALE responded that he did not.

28. ONG denied CARDINALE and other law enforcement officers' access to the interior of his home.

29. ONG advised CARDINALE and other law enforcement present that they did not have permission to enter the interior of his home. CARDINALE asked ONG to produce John Doe. ONG refused to produce John Doe. ONG moved towards the entrance of his home.

30. CARDINALE requested that ONG step towards CARDINALE, as CARDINALE began getting out his hand cuffs. ONG complied with CARDINALE request, and CARDINALE placed handcuffs on ONG. CARDINALE informed ONG that ONG was being detained for officer safety only.

31. CARDINALE then requested that ONG stand by the front of ONG's truck, which was parked facing the garage at the end of ONG's cement driveway. ONG complied with CARDINALE 's request and moved to the front of ONG's truck. ONG was instructed to lean back against ONG's truck. ONG complied with that request. After a few moments of standing, ONG found the position uncomfortable because of ONG's previous lower back injury began to

increase in pain. ONG began to readjust his footing. As ONG readjusted his footing ONG was yelled at commanded not to move.

32. ONG then observed CARDINALE walk towards ONG's front door. CARDINALE began pounding on the front door. ONG told CARDINALE that he did not have permission to enter ONG's house. ONG heard Jane Doe 2 answer the door and CARDINALE began to ask Jane Doe 2 if John Doe was there. ONG told Jane Doe 2 that the Deputies did not have permission to enter the house and to not let them in.

33. CARDINALE asked Jane Doe 2 about John Doe. Jane Doe 2 told CARDINALE that John Doe was sleeping.

34. CARDINALE began to lift his foot as if he was going to walk in ONG's home.

35. Jane Doe 2 began to close the door. Jane Doe 2 poked her face out and told CARDINALE that she would wake up John Doe. Jane Doe 2 then closed the door. The door to the home of ONG was closed and CARDINALE walked back to the driveway in front of ONG's garage, approximately twenty feet directly in front of where ONG was sitting.

36. Additional Deputies began merging in the area in front of ONG's garage and next to ONG's porch. One Deputy was located to ONG's left, approximately 7 ft away from ONG (this deputy was later identified as Amador County Sherriff Sgt PARKER). CHP Officers ZARAGOZA and BIANCHI were standing to ONG's right and slightly behind ONG. John Doe stepped out of ONG's home and closed the door behind him. John Doe's sudden appearance on the porch startled the deputies. The deputies began going for their guns and ordering John Doe not to move. The deputies directed John Doe to the front of ONG's garage and began questioning and searching John Doe. As the deputies were searching John Doe, ONG reminded John Doe of his

5th Amendment Rights to remain silent and that he did not have to answer any of the deputy's questions if he did not want to.

37. Immediately after ONG's statement to John Doe, PARKS became alert. PARKS yelled at ONG to shut up. ONG replied to Parks' that ONG had the right to talk under the 1st Amendment.

38. PARKS then stated, if you (ONG) talk again, you (ONG) would be arrested for California Penal Code Section 148 (to intentionally resist, delay or obstruct a law enforcement officer).

39. CARDINALE and John Doe were still fifteen to twenty feet away from ONG and engaged in conversation. PARKS engaged ONG in conversation from less than seven feet away, and he was not doing anything, other than observing the incident, nor was he a crucial part of the investigation pertaining to John Doe's questioning.

40. ONG directed a question to PARKS; would you arrest me (ONG) for a single statement and violate my 1st Amendment rights. PARKS exploded verbally and ordered one of his Deputies to arrest ONG for California Penal Code Section 148.

41. At the time PARKS ordered the arrest of ONG, CARDINALE was still interviewing John Doe and was not a part of ONG's conversation with PARKS. PARKS then directed the other deputies and law enforcement to place ONG in a patrol car. ONG was searched. The deputies removed ONG's back brace, which was under ONG's shirt, and ONG was then placed into the rear of a patrol car.

42. ONG had not been given any repetitive commands that ONG had disobeyed.

43. ONG waited in the patrol car, watching several Deputies come and go around the vehicle. John Doe was later released and went back into the house.

44. CARDINALE then entered the driver seat of the patrol vehicle ONG was in. CARDINALE stated to ONG, nobody ordered me (CARDINALE) to arrest you; that he (CARDINALE) had

already decided to do that. CARDINALE provided ONG PARKS' name but not any other law enforcement present.

45. ONG was driven to the Amador County Jail and booked. During the booking process ONG was given a PAS (breathalyzer test). The reading reflected a result of 0.00. ONG remained in custody until bailing out. ONG was never charged with any offense by the Amador County District Attorney's Office.

46. CARDINALE and PARKS actions as well as other law enforcement present were recorded by audio and preserved by the Amador County Sherriff's Office.

47. By detaining and arresting ONG without probable cause, by using excessive and unreasonable force against ONG, including placing him in the Amador County Jail without probable cause CARDINALE and PARKS intended to inflict serious harm upon ONG without a legitimate law enforcement objective, CARDINALE and PARKS and ZARAGOZA and BIANCHI as well as other Amador County Deputies present acted pursuant to the COUNTY OF AMADOR'S policy, custom and/or practice of ordering, allowing, encouraging, endorsing, ratifying and/or tolerating unconstitutional detentions, arrests and uses of force.  CHP OFFICERS ZARAGOZA and BIANCHI participated and assisted in the detention and arrest of ONG and while participating and assisting and observing the actions of CARDINALE and PARKS and the other Amador County Deputy Sheriff's Officers present did not take any action to prevent the actions of such Amador County Deputy Sheriff's Officers or to otherwise assist ONG. CHP OFFICERS ZARAGOZA and BIANCHI as well as other Amador County Deputies present acted under color of law pursuant to the COUNTY OF AMADOR'S policy and the State of California, custom and/or practice of ordering, allowing, encouraging, endorsing, ratifying and/or tolerating unconstitutional detentions, arrests and uses of force.

## V.  CLAIMS FOR RELIEF

### FIRST CAUSE OF ACTION
### EXCESSIVE FORCE
(42 U.S.C. §1983)

(Against ; MICHAEL PARKS (Sergeant # 5) (Sued in Both His Personal And Official Capacities), JUSTIN CARDINALE (Deputy 23) (Sued in Both His Personal And Official Capacities); CRAIG ZARAGOZA (Sued Only As An Individual); BOB BIANCHI (Sued Only As An Individual) and DOES 1-100)

48. Plaintiff re-alleges paragraphs 1 through 47 and incorporates them by reference as though fully set forth herein.

49. PARKS, CARDINALE's, ZARAGOZA's and BIANCHI's misconduct alleged herein violated Plaintiff's right to be secure against unreasonable seizure, including unreasonable, excessive force, as guaranteed by the Fourth Amendment and the Fourteenth Amendment of the United States Constitution.

50. Plaintiff suffered injury and damages, including bodily injury, pain and suffering, shock, and emotional distress as a direct and proximate result of PARKS, CARDINALE's, ZARAGOZA's and BIANCHI's execution of said policy, custom and/or practice.

## SECOND CAUSE OF ACTION
## FALSE ARREST
(42 U.S.C. §1983)

(Against ; MICHAEL PARKS (Sergeant # 5) (Sued in Both His Personal And Official Capacities), JUSTIN CARDINALE (Deputy 23) (Sued in Both His Personal And Official Capacities); CRAIG ZARAGOZA (Sued Only As An Individual); BOB BIANCHI (Sued Only As An Individual) and DOES 1-100

51. Plaintiff re-alleges paragraphs 1 through 50 and incorporates them by reference as though fully set forth herein.

52. PARKS, CARDINALE's, ZARAGOZA's and BIANCHI's misconduct alleged herein violated Plaintiff's right to be free from unreasonable seizure as guaranteed by the Fourth and Fourteenth Amendments of the United States Constitution.

53. As a direct and proximate result of PARKS, CARDINALE's, ZARAGOZA's and BIANCHI's misconduct, Plaintiff suffered injury and damages including denial of civil rights, bodily injury, pain and suffering, shock, and emotional distress.

### THIRD CAUSE OF ACTION
### SUBSTANTIVE DUE PROCESS
(42 U.S.C. §1983)

(Against ; MICHAEL PARKS (Sergeant # 5) (Sued in Both His Personal And Official Capacities), JUSTIN CARDINALE (Deputy 23) (Sued in Both His Personal And Official Capacities); CRAIG ZARAGOZA (Sued Only As An Individual); BOB BIANCHI (Sued Only As An Individual) and DOES 1-100

54. Plaintiff re-alleges paragraphs 1 through 53 and incorporates them by reference as though fully set forth herein.

55. PARKS, CARDINALE, ZARAGOZA and BIANCHI intended to inflict great bodily harm upon Plaintiff without a legitimate law enforcement interest in doing so, such as self-defense or defense of others.

56. PARKS, CARDINALE's, ZARAGOZA's and BIANCHI's conduct shocks the conscience thereby depriving Plaintiff of his right to substantive due process that is protected by the Fourteenth Amendment of the United States Constitution.

57. As a direct and proximate result of PARKS, CARDINALE's, ZARAGOZA's and BIANCHI's misconduct, Plaintiff suffered injury and damages including denial of civil rights, bodily injury, pain and suffering, shock, and emotional distress.

### THIRD CAUSE OF ACTION
### VIOLATION OF FIRST AMENDMENT
### FREEDOM OF SPEECH
(42 U.S.C. §1983)

(Against ; MICHAEL PARKS (Sergeant # 5) (Sued in Both His Personal And Official Capacities), JUSTIN CARDINALE (Deputy 23) (Sued in Both His Personal And Official Capacities); CRAIG ZARAGOZA (Sued Only As An Individual); BOB BIANCHI (Sued Only As An Individual) and DOES 1-100

58. Plaintiff re-alleges paragraphs 1 through 57 and incorporates them by reference as though fully set forth herein.

59. PARKS, CARDINALE's, ZARAGOZA's and BIANCHI's misconduct alleged herein violated Plaintiff's right of freedom of speech as guaranteed by the First Amendment of the United States Constitution.

60. PARKS, CARDINALE, ZARAGOZA and BIANCHI intended to inflict great bodily harm upon Plaintiff' without a legitimate law enforcement interest in doing so, such as self-defense or defense of others.

61. PARKS, CARDINALE's, ZARAGOZA's and BIANCHI's conduct shocks the conscience thereby depriving Plaintiff of his right of free speech that is protected by the First Amendment of the United States Constitution.

62. As a direct and proximate result of PARKS, CARDINALE's, ZARAGOZA's and BIANCHI's misconduct, Plaintiff suffered injury and damages including denial of civil rights, bodily injury, pain and suffering, shock, and emotional distress.

63. The policies, customs, and/or practices, alleged herein, amounted to deliberate indifference to Plaintiff's constitutional right of freedom of speech, as guaranteed by the First Amendment of the United States Constitution.

64. As a direct and proximate result of the policies, customs, and/or practices described above, Plaintiff suffered injury and damages, including denial of civil rights, bodily injury, pain and suffering, shock, and emotional distress.

**FOURTH CAUSE OF ACTION**
**MUNICIPAL LIABILITY**
(42 U.S.C. §1983)
(Against COUNTY OF AMADOR and DOES 1-100)

65. Plaintiff re-alleges paragraphs 1 through 64 and incorporates them by reference as though fully set forth herein.

66. The policies, customs, and/or practices, alleged herein, amounted to deliberate indifference to Plaintiff's constitutional right to be free from excessive force, unreasonable seizure, deprivation of freedom of speech and deprivation of due process, as guaranteed by the First, Fourth, and Fourteenth Amendments of the United States Constitution.

67. As a direct and proximate result of the policies, customs, and/or practices described above, Plaintiff suffered injury and damages, including denial of civil rights, bodily injury, pain and suffering, shock, and emotional distress.

### FIFTH CAUSE OF ACTION
### ASSAULT
(State Common Law)

(Against ; MICHAEL PARKS (Sergeant # 5) (Sued in Both His Personal And Official Capacities), JUSTIN CARDINALE (Deputy 23) (Sued in Both His Personal And Official Capacities); CRAIG ZARAGOZA (Sued Only As An Individual); BOB BIANCHI (Sued Only As An Individual) and DOES 1-100

68. Plaintiff re-alleges paragraphs 1 through 67 and incorporates them by reference as though fully set forth herein.

69. PARKS, CARDINALE's, ZARAGOZA's and BIANCHI's laid hands on and restrained Plaintiff, without his consent, with the intent to cause harmful and offensive contact, and Plaintiff reasonably believed he would be imminently in danger of harm or death if he did not comply with the requests of PARKS, CARDINALE, ZARAGOZA and BIANCHI.

70. PARKS, CARDINALE's, ZARAGOZA's and BIANCHI's misconduct was a substantial factor in directly and proximately causing Plaintiff to suffer injury, including but not limited to, shock and emotional distress.

71. PARKS, CARDINALE's, ZARAGOZA's and BIANCHI's outrageous conduct was committed with malice and oppression thereby entitling Plaintiff to punitive damages.

### SIXTH CAUSE OF ACTION
### INTERFERENCE WITH CIVIL RIGHTS
(California Civil Code Section 52.1)

(Against ; MICHAEL PARKS (Sergeant # 5) (Sued in Both His Personal And Official Capacities), JUSTIN CARDINALE (Deputy 23) (Sued in Both His Personal And Official Capacities); CRAIG ZARAGOZA (Sued Only As An Individual); BOB BIANCHI (Sued Only As An Individual) and DOES 1-100

72. Plaintiff re-alleges paragraphs 1 through 71 and incorporates them by reference as though fully set forth herein.

73. PARKS, CARDINALE, ZARAGOZAs and BIANCHI, by intimidation, violence, threat of violence, and/or coercion, intentionally interfered with or attempted to interfere with Plaintiff's right to be secure in freedom of speech and against unreasonable seizure and excessive and unreasonable force pursuant to the Fourth Amendment of the United States Constitution, and Article I, Section 13 of the California Constitution.

74. By intimidation, violence, threat of violence, and/or coercion, PARKS, CARDINALE, ZARAGOZAs and BIANCHI prevented Plaintiff from enjoying his constitutional rights, in violation of California Civil Code §52.1.

75. PARKS, CARDINALE'S, ZARAGOZA'S and BIANCHI'S, misconduct directly and proximately caused Plaintiff to suffer damages, including statutory damages, shock and emotional distress.

76. PARKS, CARDINALE'S, ZARAGOZA'S and BIANCHI'S, outrageous conduct was committed with malice and oppression thereby entitling Plaintiff to punitive damages.

## VI. PRAYER

WHEREFORE, Plaintiff prays for judgment as follows:

(a) All compensatory general and special damages, according to proof;

(b) Statutory damages;

(c) Exemplary and punitive damages against those defendants that may be subject to them, in an amount appropriate to punish those defendants and deter others from engaging in similar misconduct;

(d) For reasonable attorney's fees pursuant to Title 42 U.S.C. §1988, California Civil Code §52.1(h), and California Code of Civil Procedure §1021.5; and as otherwise authorized by statute or law;

(e) For costs of suit;

(f) For pre-judgment and post-judgment interest as permitted by law; and

(g) Such further relief as the Court deems just or proper.

**DEMAND FOR TRIAL BY JURY**

Plaintiff hereby demands a trial by jury.

Dated: February 3, 2020                    Respectfully submitted,

<u>/s/ J. Robert Lally</u>
J. Robert Lally
Lally Law
Attorneys for Plaintiff PATRICK LEE ONG